8/19/2016 1:59:52 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-003882
Ruben Tamez

Cause Number D-1-GN-16-003882

| | | |
|---|---|---|
| MARK WALTERS, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § | FOR TRAVIS COUNTY, TEXAS |
| TENANT BACKGROUND SEARCH *Defendant* | § § § § | 126TH _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND and REQUEST FOR DISCLOSURES

COME NOW Plaintiff **MARK WALTERS**, files this original petition, jury demand and request for disclosures against defendant, **TENANT BACKGROUND SEARCH** and alleges as follows:

#### A.
#### *DISCOVERY-CONTROL PLAN*

1. Plaintiff intends to conduct discovery under Level 1 of *Texas Rule of Civil Procedure* 190.2 and affirmatively pleads that the expedited actions process in *Texas Rule of Civil Procedure* 169 governs this suit.

#### B.
#### *RELIEF*

2. Plaintiff seeks monetary relief of $74,000 or less and nonmonetary relief. *Tex. R. Civ. P.* 47(c)(2).

1




## C.
## *PARTIES*

3. Plaintiff, MARK WALTERS, is an individual, residing in Travis County at 3605 Steck Avenue, unit 1107, Austin, Texas 78759. Plaintiff's mailing address is P.O. Box 28072, Austin, Texas 78755.

4. The last three digits of plaintiff's driver's license number are 786. The last three digits of plaintiff's Social Security number are 376. See *Tex. Civ. Prac. & Rem. Code* 30.014(a).

5. Defendant, TENANT BACKGROUND SCREENING, is an unincorporated business whose principal is Erik Dail, and is doing business under the laws of the State of Texas, United States of American, whose principal office is located at 3333 Lee Pkwy., #646, Dallas, Texas, 75209, United States of America and is authorized to do business in Texas. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. Defendant is required to register with the Secretary of State but has not done so, See *Tex. Bus. Orgs. Code* §5.251(2)(B) and moreover, Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute. See *Tex. Civ. Prac. & Rem. Code* §§17.044(a)(1), 17.045. The Secretary of State may serve Defendant with process by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, to ERIK DAIL c/o TENANT BACKGROUND SCREENING located at 3333 Lee Pkwy., #646, Dallas, Texas, 75209 in Dallas County, Texas.

## D.
## *JURISDICTION*

6. The Court has personal jurisdiction over Defendant, ERIK DAIL c/o TENANT BACKGROUND SCREENING, a resident business that is a comprehensive tenant screening



company that provides tenant credit checks and tenant background check services, and because Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas through the use of the internet and by conducting business with Texas residents and businesses to conduct criminal background screenings. Defendant engaged in business with Plaintiff between June 23rd, 2016, and July 29th, 2016, in Travis County, Texas, to conduct a tenant background screening of Plaintiff, and failed to abide by the laws of both federal and state statutes in conducting a background screening of Plaintiff. See *Tex. Civ. Prac. & Rem. Code* §17.042. Furthermore, this Court has jurisdiction pursuant to Title 15 of the *United States Code*, section 1681p, permitting enforcement of liability created under the *Fair Credit Reporting Act* to be brought in any court of competent jurisdiction.

## E.
## VENUE

7. Venue is proper in the District Court of Travis County pursuant to Section 20.13(1) of the *Texas Business and Commerce Code* for claims against Consumer Credit Reporting Agencies and Section 17.56(1) of the *Texas Business and Commerce Code* for claims in violation of the Deceptive Trade Practices Act, upon which all or a substantial part of the events or omissions giving rise to the claim occurred. See *Texas Civil Practice and Remedies Code* § 15.002(a)(1). Upon information and belief, the defendant has transacted business in this district, and has committed and/or induced acts contrary to the laws of the State of Texas.

## F.
## FACTS

8. On June 21, 2016 Mark Walters, herein "Plaintiff," submitted an application for a house rental.



9. In consideration for approval of his application, Plaintiff was required to submit to tenant background history and tenant background screening.

10. Bill Shire, the manager in charge of renting the house hired Tenant Background Screening, herein "Defendant," to conduct the required screening and submit a credit report as defined under 15 *U.S.C.* § 1681a(d)(1).

11. Defendant is considered a credit reporting agency as defined under 15 *U.S.C.* 1681a(f).

12. The consumer credit report submitted to Mr. Shire contain inaccurate information, and due to this inaccurate information, Plaintiff's lease application was denied.

13. Plaintiff was provided a copy of the consumer credit report generated by Defendant that the decision to deny him his lease application was based on.

14. On June 23rd, 2016 Plaintiff notified Defendant that there was inaccurate information in the consumer credit report provided by Defendant and that Plaintiff was requesting a re-investigation of the inaccurate material. *See* 15 *U.S.C.* § 1681i and *Texas Business and Commerce Code* § 25.06.

15. Defendant failed to timely conduct any re-investigation upon Plaintiff's request, or request any additional information from Plaintiff to assist in the re-investigation.

## G. COUNT 1–
### *VIOLATION OF FAIR CREDIT REPORTING ACT*

16. Plaintiff incorporates by reference the above paragraphs 1-15 as if each paragraph is printed herein.

17. Plaintiff alleges that Defendant violated his rights under the *Fair Credit Reporting Act* (FCRA). *See* 15 *U.S.C.* § 1681i.

18. Defendant failed to complete Plaintiff's request for re-investigation on the inaccurate information that was reported in the consumer credit report generated and distributed by

Defendant. Specifically, Defendant failed to complete its re-investigation within 30 days as required in the *Fair Credit Reporting Act –FCRA. See* 15 *U.S.C.* § 1681i(a)(1)(A).

19. Defendant, as required by the *FCRA*, failed to provide Plaintiff with full notice of the results of the consumer credit report re-investigation as required under 15 *U.S.C.* § 1681i(a)(6)(B).

20. Defendant failed to provide Plaintiff with a notice of the description of the procedure used to determine the accuracy and completeness of the information contained in the consumer credit report provided by the Defendant.

21. Defendant failed to provide Plaintiff a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information.

22. Defendant failed to provide Plaintiff a notice that the consumer has the right to request under subsection (d) of 15 *U.S.C.* § 1681i that the consumer-reporting agency furnish notifications under that subsection.

23. Defendant failed to provide Plaintiff with a re-investigation of the inaccuracies within 30 days, as required in the *FCRA*.

24. Defendant was grossly negligent for the willful and wanton violation of Plaintiff's rights under the *Fair Credit Reporting Act*.

25. Defendant, without consideration for Plaintiff's rights under the *Fair Credit Reporting Act*, denied Plaintiff the full parameters of the dispute process available to him under federal law.

26. Plaintiff seeks damages within the jurisdictional limits of 15 *U.S.C.* § 1681n(a)(1)(A) up to $1,0000.00

27. Plaintiff seeks punitive damages at such amount as the court may allow. *See* 15 *U.S.C.* § 1681n(a)(2).



5

28. Plaintiff seeks actual damages within the jurisdictional limits of 15 *U.S.C.* § 1681n(a)(1)(A) of $15,000.00.

## H. COUNT 2-
## *VIOLATIONS OF THE TEXAS CONSUMER CREDIT ACT*

29. Plaintiff incorporates by reference paragraphs 1 through 28 as if each paragraph is written herein.

30. Plaintiff requested that Defendant conduct a re-investigation into inaccuracies of the consumer credit report provided Plaintiff.

31. Defendant refused to re-investigate the inaccuracies in the consumer credit report; Defendant failed to provide Plaintiff a revised copy of the consumer file or consumer report; and Defendant failed to provide Plaintiff a description of the results of the reinvestigation within 30 days as required under Texas law.

32. Defendant failed to notify Plaintiff that upon request, a statement of the description of the procedure used to determine the accuracy and completeness of the information, including the name, business address, and, if available, the telephone number of each person contacted in connection with the information, as required by Texas law.

33. Defendant failed to provide Plaintiff a statement that the consumer [Plaintiff] is entitled to add a statement to the consumer's file disputing the accuracy or completeness of the information, as required by Texas law.

34. Defendant failed to provide Plaintiff a statement that the consumer [Plaintiff] may be entitled to dispute resolution as prescribed by the *Texas Business and Commerce Code*, 20.06, after the consumer receives the notice specified under this the *Code*.



35. Defendant was grossly negligent in its failure to re-investigate Plaintiff's request of the inaccuracies in the background screening report that it provided Plaintiff, and provide Plaintiff with a copy of the revised background screening report as required by State law. This act and omission was willful, wonton, and a deliberate action by the Defendant.

36. Defendant was grossly negligent in its failure to provide Plaintiff with notification of the appropriate and legal dispute process as provided under the *Texas Business and Commerce Code*, section 20.06. This act and omission was willful, wonton, and a deliberate action by the Defendant.

37. Defendant, as an entity doing business in the state of Texas has a lawful duty to notify Plaintiff that he may be entitled to dispute procedures under Texas law and Defendant failed to do so.

38. Defendant, as a consumer-reporting agency, has an obligation to Plaintiff to provide a fair and accurate consumer credit report on behalf of Plaintiff, and the Defendant willfully, wantonly, and with deliberate indifference breached its duty under state law when it failed to notify Plaintiff of the dispute resolution process provided under State Law.

39. Plaintiff seeks damages for the willful violation of the *Texas Consumer Credit Reporting Act* in the amount of $1,000, pursuant to the *Texas Business and Commerce Code* § 20.09(a).

40. Plaintiff seeks damages for the negligent violations of the *Texas Consumer Credit Reporting Act* in the amount of $500, pursuant to the *Texas Business and Commerce Code* § 20.09(b).



## I. COUNT 3-
## NEGLIGENCE & GROSS NEGLIGENCE

41. Plaintiff incorporates by reference paragraphs 1 through 40 as if each paragraph is written herein.

42. Defendant owed a legal duty to plaintiff to inform him that under the *Fair Credit Reporting Act*, and the *Texas Consumer Credit Act* that Plaintiff may be entitled to dispute procedures in regards to Defendant's re-investigation information contained within Plaintiff's consumer credit report.

43. Defendant breached the duty to Plaintiff by willfully, wantonly, and with malice intent failed to disclose pertinent notice to Plaintiff that he may be entitled to dispute procedures as provided under the *Fair Credit Reporting Act*, and the *Texas Business and Commerce Code* concerning Plaintiff's consumer credit report provided by Defendant.

44. Defendant's breach of duty was the proximate cause of injury to plaintiff, which resulted in the following damages: Rejection of his rental application causing Plaintiff undue time and money to continue to find housing in the saturated housing market of Austin, Texas.

45. Exemplary damages. Plaintiff's injury resulted from defendant's gross negligence, which entitles plaintiff to exemplary damages under *Texas Civil Practice & Remedies Code* section 41.003(a)(3). Due to the proximate cause of Defendant's act and omissions, Plaintiff seeks damages in the amount of $10,000.00

46. Plaintiff seeks additional damages within the jurisdictional limits of this Court.

## J. COUNT 4-
## PROMISSORY ESTOPPEL

47. Plaintiff incorporates by reference paragraphs 1 through 46 as if each paragraph is written herein.



48. Defendant promised Plaintiff in writing that Defendant would fully re-investigate the claims presented by Plaintiff regarding Plaintiff's consumer credit report.

49. Defendant promised Plaintiff that it would follow all laws involving re-investigating Plaintiff's claims, including the *FCRA* and the laws of the State of Texas.

50. Plaintiff relied on Defendant's promise by submitting his claims to the Defendant in writing. Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.

51. Defendant knew, or reasonably should have known, that Plaintiff would rely on Defendant's promise. Plaintiff was submitting an application for an apartment rental and the outcome of the re-investigation report had significant impact on whether Plaintiff would be granted a housing unit. Defendant, by failing to provide Plaintiff with notice that he may be entitled to additional dispute procedures under Texas law, and federal law breached the duty owed and the promise Defendant made to Plaintiff.

52. Plaintiff seeks damages within the jurisdictional limits of this Court.

### K. COUNT 5- *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

53. Plaintiff incorporates by reference paragraphs 1 though 52 as if each paragraph is written herein.

54. Defendant's conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Plaintiff. Defendant knew or should have known as a tenant screening company who advertises a being compliant under the *FCRA* that the results of a requested re-investigation of a consumer credit report was essential in Plaintiff obtaining an apartment to live in and that any delay outside of the time limits established in the *FCRA* and the *Texas Consumer Credit Act* would subject Plaintiff to sever emotional distress.



9

55. Defendants' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

56. Defendants' conduct proximately caused Plaintiff damages in that it caused him suffer severe emotional distress. In particular, Defendants' conduct was the direct and proximate cause of severe mental pain and anguish.

57. Plaintiff's emotional distress has been severe in that he has suffered from anxiety attacks, depression, loss of sleep, loss of appetite, nausea and vomiting.

58. In addition to sever emotional distress, Plaintiff has suffered and will continue to suffer additional damages as a proximate result of the Defendant's conduct in that, in all reasonable probability, Plaintiff will continue to suffer this mental pain and anguish for a long time in the future. Plaintiff has also incurred loss of earnings and future earning capacity.

## L.
## *ATTORNEY FEES*

59. Plaintiff is entitled to recover reasonable and necessary attorney fees under *Texas Business and Commerce Code* § 20.09 and 15 *U.S.C.* §§ 1681n.

### M. JURY DEMAND

60. Plaintiff demands a jury trial on all issues triable by jury.

### N. CONDITIONS PRECEDENT

61. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### O. REQUEST FOR DISCLOSURE

62. Under *Texas Rule of Civil Procedure* 194, Plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.



## P. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff asks that the Court to issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against defendant for the following:

A. Damages in the amount of $1,000 for violation of the *Fair Credit Reporting Act*.

B. Punitive damages as awarded by the court for violation of the *Fair Credit Reporting Act*.

C. Actual damages in the amount of $15,000 for violations of the *Fair Credit Reporting Act*.

D. Economic Damages in the amount of $1,000 for violation of the *Texas Consumer Credit Reporting Act*.

E. Economic Damages in the amount of $500 for violations of the *Texas Consumer Credit Reporting Act*.

F. Exemplary Damages in the amount of $10,000 for Negligence.

G. Economic Damages in the amount of $10,000 for Gross Negligence.

H. Economic Damages within the jurisdictional limits for Promissory Estoppel.

I. Economic Damages within the jurisdictional limits for Intentional Infliction of Emotional Distress.

J. Prejudgment and post judgment interest.

K. Court costs.

L. Attorney fees.

M. All other relief to which plaintiff is entitled.



Respectfully submitted,

/s/ MARK WALTERS

Mark Walters
P.O. Box 28072
Austin, Texas 78755
(512)-964-4343
verusconsultingtexas@gmail.com

*Plaintiff Pro Se*

## PLAINTIFF'S UNSWORN DECLARATION

"My name is **MARK WALTERS**, my date of birth is March 2, 1971, and my address is 3605 Steck Avenue, Unit 1107, Austin, Travis County, Texas 78759. I declare under penalty of perjury that the facts stated in this document are true and correct."

Executed in Travis County, State of Texas, on August 10, 2016.

/s/ MARK WALTERS
Mark Walters



Cause Number _____

| | § | |
|---|---|---|
| **MARK WALTERS,** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | FOR TRAVIS COUNTY, TEXAS |
| | § | |
| **TENANT BACKGROUND SEARCH** | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |
| | § | |

<u>**PLAINTIFF MARK WALTERS'S UNSWORN**</u>
<u>**DECLARATION OF INDIGENCE**</u>

**STATE OF TEXAS**    )
                     )
**TRAVIS COUNTY**     )

1. "My name is Mark Walters, my date of birth is March 2, 1971, and my address is 3605 Steck Avenue, Unit 1107, Austin, Travis County, Texas 78759. I am the Plaintiff in this case.

2. I declare under penalty of perjury that the facts stated in this declaration are within my personal knowledge and are true and correct.

3. I wish to proceed as an indigent and prosecute a lawsuit for violations of Texas tort law without paying costs.

4. I receive no governmental subsidy.

5. I do not earn a salary.

6. I do not have any other source of income.

7. I do not have a spouse.

8. I do not own any real, or personal property.

1



9. I do not have any cash assets.

10. I do not have monthly expenses due to the fact that I currently live with family members.

11. I have no dependents.

12. I am unable to pay the court costs due to being struck by a car in April 2016 while riding my bike. The injuries that I sustained have impacted my ability to work and due to the nature of the injuries that I have sustained, I am uncertain as to when I will be employed again."

Executed in TRAVIS County, State of TEXAS on August 19, 2016.

/s/ MARK WALTERS
Declarant



I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on SEPT. 20, 2016

VELVA L. PRICE
DISTRICT CLERK
By Deputy: C. Crill



2