# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

August 31, 2016

Tenant Background Search
Erik Dail c/o Tenant Background Screening
3333 Lee Pkwy #646
Dallas, TX 75209

> **2016-269716-1**
> Include reference number in
> all correspondence

RE:  Mark Walters VS Tenant Background Search
126th Judicial District Court Of Travis County, Texas
Cause No: D1GN16003882

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on August 25, 2016.

CERTIFIED MAIL #71901046470100650830

Refer correspondence to:

Mark Walters
P.O. Box 28072
Austin, TX 78755

Sincerely,

Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure



EXHIBIT
D

C I T A T I O N

T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-16-003882

MARK WALTERS                                                              , Plaintiff

    vs.

TENANT BACKGROUND SEARCH                                                  , Defendant

TO:  TEXAS SECRETARY OF STATE
    1019 BRAZOS STREET
    AUSTIN, TEXAS 78701
    AND THE FORWARDED TO
    TENANT BACKGROUND SEARCH
    BY SERVING ERIK DAIL C/O TENANT BACKGROUND SCREENING
    3333 LEE PKWY #646
    DALLAS, TEXAS 75209
Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR DISCLOSURES of the PLAINTIFF in the above styled and numbered cause, which was filed on AUGUST 19, 2016 in the 126TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 25, 2016.

REQUESTED BY:
MARK WALTERS
P.O. BOX 28072
AUSTIN, TEXAS 78755

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- -- -- -- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____ at _____ o'clock _____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, JURY DEMAND

AND REQUEST FOR DISCLOSURES, LAWYER REFERRAL accompanying pleading, having first attached such copy

of such citation to such copy of pleading and endorsed on such copy of citation the date of

delivery.

Service Fee: $ _____

                                      Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                      By:_____

_____ day of _____, _____.

                                      Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-16-003882                    SERVICE BY THE DISTRICT CLERK                    P01 - 000043575

☐ Original          ☐ Service Copy

269716

Velva L. Price
**District Clerk**
**Travis County**
**D-1-GN-16-003882**
Ruben Tamez

Cause Number     D-1-GN-16-003882
    _____

| | | |
|---|---|---|
| **MARK WALTERS,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **FOR TRAVIS COUNTY, TEXAS** |
| | § | |
| **TENANT BACKGROUND SEARCH** | § | 126TH |
| *Defendant* | § | _____**JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND and REQUEST FOR DISCLOSURES

**COME NOW** Plaintiff **MARK WALTERS**, files this original petition, jury demand and request for disclosures against defendant, **TENANT BACKGROUND SEARCH** and alleges as follows:

**A.**
*DISCOVERY-CONTROL PLAN*

1. Plaintiff intends to conduct discovery under Level 1 of *Texas Rule of Civil Procedure* 190.2 and affirmatively pleads that the expedited actions process in *Texas Rule of Civil Procedure* 169 governs this suit.

**B.**
*RELIEF*

2. Plaintiff seeks monetary relief of $74,000 or less and nonmonetary relief. *Tex. R. Civ. P.* 47(c)(2).

1

## C.
### *PARTIES*

3. Plaintiff, **MARK WALTERS**, is an individual, residing in Travis County at 3605 Steck Avenue, unit 1107, Austin, Texas 78759. Plaintiff's mailing address is P.O. Box 28072, Austin, Texas 78755.

4. The last three digits of plaintiff's driver's license number are 786. The last three digits of plaintiff's Social Security number are 376. See *Tex. Civ. Prac. & Rem. Code* 30.014(a).

5. Defendant, **TENANT BACKGROUND SCREENING**, is an unincorporated business whose principal is Erik Dail, and is doing business under the laws of the State of Texas, United States of American, whose principal office is located at 3333 Lee Pkwy., #646, Dallas, Texas, 75209, United States of America and is authorized to do business in Texas. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. Defendant is required to register with the Secretary of State but has not done so, See *Tex. Bus. Orgs. Code* §5.251(2)(B) and moreover, Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute. See *Tex. Civ. Prac. & Rem. Code* §§17.044(a)(1), 17.045. The Secretary of State may serve Defendant with process by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto, to **ERIK DAIL c/o TENANT BACKGROUND SCREENING** located at 3333 Lee Pkwy., #646, Dallas, Texas, 75209 in Dallas County, Texas.

### D.
### *JURISDICTION*

6. The Court has personal jurisdiction over Defendant, **ERIK DAIL c/o TENANT BACKGROUND SCREENING**, a resident business that is a comprehensive tenant screening

2

company that provides tenant credit checks and tenant background check services, and because Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas through the use of the internet and by conducting business with Texas residents and businesses to conduct criminal background screenings. Defendant engaged in business with Plaintiff between June 23rd, 2016, and July 29th, 2016, in Travis County, Texas, to conduct a tenant background screening of Plaintiff, and failed to abide by the laws of both federal and state statutes in conducting a background screening of Plaintiff. See *Tex. Civ. Prac. & Rem. Code* §17.042. Furthermore, this Court has jurisdiction pursuant to Title 15 of the *United States Code*, section 1681p, permitting enforcement of liability created under the *Fair Credit Reporting Act* to be brought in any court of competent jurisdiction.

### E.
### *VENUE*

7. Venue is proper in the District Court of Travis County pursuant to Section 20.13(1) of the *Texas Business and Commerce Code* for claims against Consumer Credit Reporting Agencies and Section 17.56(1) of the *Texas Business and Commerce Code* for claims in violation of the Deceptive Trade Practices Act, upon which all or a substantial part of the events or omissions giving rise to the claim occurred. See *Texas Civil Practice and Remedies Code* § 15.002(a)(1). Upon information and belief, the defendant has transacted business in this district, and has committed and/or induced acts contrary to the laws of the State of Texas.

### F.
### *FACTS*

8. On June 21, 2016 Mark Walters, herein "Plaintiff," submitted an application for a house rental.

3

9. In consideration for approval of his application, Plaintiff was required to submit to tenant background history and tenant background screening.

10. Bill Shire, the manager in charge of renting the house hired Tenant Background Screening, herein "Defendant," to conduct the required screening and submit a credit report as defined under 15 *U.S.C.* § 1681a(d)(1).

11. Defendant is considered a credit reporting agency as defined under 15 *U.S.C.* 1681a(f).

12. The consumer credit report submitted to Mr. Shire contain inaccurate information, and due to this inaccurate information, Plaintiff's lease application was denied.

13. Plaintiff was provided a copy of the consumer credit report generated by Defendant that the decision to deny him his lease application was based on.

14. On June 23rd, 2016 Plaintiff notified Defendant that there was inaccurate information in the consumer credit report provided by Defendant and that Plaintiff was requesting a re-investigation of the inaccurate material. *See* 15 *U.S.C.* § 1681i and *Texas Business and Commerce Code* § 25.06.

15. Defendant failed to timely conduct any re-investigation upon Plaintiff's request, or request any additional information from Plaintiff to assist in the re-investigation.

## G. COUNT 1-
### *VIOLATION OF FAIR CREDIT REPORTING ACT*

16. Plaintiff incorporates by reference the above paragraphs 1-15 as if each paragraph is printed herein.

17. Plaintiff alleges that Defendant violated his rights under the *Fair Credit Reporting Act* (FCRA). *See* 15 *U.S.C.* § 1681i.

18. Defendant failed to complete Plaintiff's request for re-investigation on the inaccurate information that was reported in the consumer credit report generated and distributed by

4

Defendant. Specifically, Defendant failed to complete its re-investigation within 30 days as required in the *Fair Credit Reporting Act –FCRA*. *See* 15 *U.S.C.* § 1681i(a)(1)(A).

19. Defendant, as required by the *FCRA*, failed to provide Plaintiff with full notice of the results of the consumer credit report re-investigation as required under 15 *U.S.C.* § 1681i(a)(6)(B).

20. Defendant failed to provide Plaintiff with a notice of the description of the procedure used to determine the accuracy and completeness of the information contained in the consumer credit report provided by the Defendant.

21. Defendant failed to provide Plaintiff a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information.

22. Defendant failed to provide Plaintiff a notice that the consumer has the right to request under subsection (d) of 15 *U.S.C.* § 1681i that the consumer-reporting agency furnish notifications under that subsection.

23. Defendant failed to provide Plaintiff with a re-investigation of the inaccuracies within 30 days, as required in the *FCRA*.

24. Defendant was grossly negligent for the willful and wanton violation of Plaintiff's rights under the *Fair Credit Reporting Act*.

25. Defendant, without consideration for Plaintiff's rights under the *Fair Credit Reporting Act*, denied Plaintiff the full parameters of the dispute process available to him under federal law.

26. Plaintiff seeks damages within the jurisdictional limits of 15 *U.S.C.* § 1681n(a)(1)(A) up to $1,0000.00

27. Plaintiff seeks punitive damages at such amount as the court may allow. *See* 15 *U.S.C.* § 1681n(a)(2).