## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | § | |
|---|---|---|
| **MARK WALTERS,** | § | |
| *Plaintiff* | § | |
| | § | |
| -vs- | § | **Civil Action No. 1:16-cv-01092-LY** |
| | § | |
| **TENANT BACKGROUND SEARCH,** | § | |
| *Defendant* | § | |
| | § | |

## PLAINTIFF'S VERIFIED FIRST SUPPLEMENTAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE**:

Plaintiff Mark Walters, acting *pro se*, files this Verified First Supplemental Complaint against Defendant, Tenant Background Search, and for causes of action would respectfully show the Court as follows:

### I.      PARTIES

1.      Plaintiff Mark Walters is an individual that is a citizen of the State of Texas, and resides in Austin, Travis County, Texas.

2.      Defendant, "Tenant Background Search" or "Lonestar IT Solutions, LLC" is a limited liability corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Service of process has been effectuated by and through the Secretary of State for Texas.

## II. JURISDICTION

3. This case was removed from state court by reason of federal question jurisdiction, because the allegations contained herein arise under the Constitution, laws, or treaties of the United States of America. Plaintiff brings a cause of action under the *Fair Credit Reporting Act*, *15 U.S.C. § 1681, et seq.* ("FCRA"). Therefore, the Court has federal question jurisdiction to hear this matter pursuant to *28 U.S.C. § 1331*. Further, because all of Plaintiff's claims arise out of a single controversy, this Court has jurisdiction over Plaintiff's state law claim under the *Texas Credit Reporting Act*, *Chapter 20* of the *Texas Business & Commerce Code*, pursuant to *28 U.S.C. § 1367(a)*.

## III. VENUE

4. Venue is proper in this district under *28 U.S.C. §1391(b)(2)* because a substantial part of the events or omissions giving rise to this claim occurred in this district. Defendant provided an online criminal background check to ATX Tenant that contained inaccurate information. Plaintiff, a resident of Travis County, Texas, requested a re-investigation of the consumer report provided by Defendant. Defendant failed to timely provide resident Plaintiff with his requested, corrected background screening, giving rise to this cause of action in the United States District Court for the Western District of Texas.

## IV. FACTS

5. On June 21, 2016 Mark Walters, herein "Plaintiff" or "Walters," submitted an application for a house rental with ATX Tenants.

6. In consideration for approval of his application, Plaintiff was required to submit to a tenant background history and tenant background screening.

7. Bill Shire, the manager in charge of renting the house hired Tenant Background Screening, herein "Defendant," to conduct the required screening and provide ATX Tenant with a consumer report as defined under *15 U.S.C. § 1681a(d)(1)*.

8. Defendant is considered a credit reporting agency as defined under *15 U.S.C. 1681a(f)* and *15 U.S.C. 1681a(u)*.

9. The consumer credit report provided to Mr. Shire from Defendant contained inaccurate information. Mr. Shire agreed to withhold a final determination on Plaintiff's application until Plaintiff could seek a reinvestigation of his consumer report from Defendant.

10. On June 23rd, 2016 Plaintiff notified Defendant that there was inaccurate information in the consumer credit report provided by Defendant and that Plaintiff was requesting a re-investigation of the inaccurate material. *See* 15 *U.S.C. § 1681i* and *Texas Business and Commerce Code § 25.06*.

11. Defendant failed to timely conduct any re-investigation upon Plaintiff's request or request any additional information from Plaintiff to assist in the re-investigation.

## V. COUNT 1-

## VIOLATION OF FAIR CREDIT REPORTING ACT

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if each paragraph is written herein.

13. Plaintiff alleges that Defendant violated his rights under the *Fair Credit Reporting Act* (*FCRA*). *See* 15 *U.S.C. § 1681i*.

14. Defendant failed to complete Plaintiff's June 23rd, 2016 request for re-investigation on the inaccurate information that was reported in the consumer credit report generated and distributed by Defendant. Specifically, Defendant failed to conduct any reinvestigation or request a reinvestigation from the company that furnished the consumer report. Defendant is required by

the *FCRA* to complete its re-investigation within 30 days. Thirty-six days after Plaintiff's request for a reinvestigation, Defendant contacted Plaintiff requesting more information, but by this time Plaintiff was denied his application for the house rental he sought.

15.     Defendant, as a reseller of consumer reports, was required to "convey the notice of the dispute, together with all relevant information provided by [Plaintiff], to each consumer reporting agency that provided [Defendant] with the information that is the subject of the dispute, using an address or a notification mechanism specified by the consumer reporting agency for such notices." Defendant, negligent in its practices in conducting reinvestigations and not having adequate procedures for conducting reinvestigations failed to notify CoreLogic that Plaintiff requested a reinvestigation.

16.     CoreLogic Background Data, LLC provides a criminal history database of information that it sells to the background screening industry, including Defendant.

17.     CoreLogic has a long history of producing inaccurate background screening reports, including the inaccurate reporting of persons being labeled as sex-offenders when in fact these persons are not. CoreLogic is required to "maintain strict procedures" to ensure that the public record information that it sells be "complete and up-to-date."

18.     Thirty-six (36) days after Plaintiff's request for a reinvestigation, Defendant finally contacted Plaintiff requesting more information. At this time, Plaintiff had already been denied his rental application.

19. Due to Defendant's failure to contact CoreLogic, Defendant, as required by the *FCRA*, Defendant was unable to provide Plaintiff with the full notices of the results of the consumer credit report re-investigation as required under *15 U.S.C. § 1681i(a)(6)(B)*.

20. Defendant failed to provide Plaintiff with a notice of the description of the procedure used to determine the accuracy and completeness of the information contained in the consumer credit report provided by the Defendant.

21. Defendant failed to provide Plaintiff a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information.

22. Defendant failed to provide Plaintiff a notice that the Plaintiff has the right to request, under *subsection (d)* of *15 U.S.C. § 1681i,* that the consumer-reporting agency furnish notification that items have been deleted in the consumer report.

23. Defendant failed to provide Plaintiff with a re-investigation of the inaccuracies within 30 days, as required in the *FCRA*. Due to this gross negligence, Plaintiff was unable to lease the house that he had applied for.

24. Defendant failed to provide Plaintiff with a copy of the summary of rights under the *Fair Credit Reporting Act.*

25.     It is the "responsibility of a consumer reporting agency [CoreLogic] to notify a consumer [Plaintiff] through the reseller [Defendant] that the completion of a reinvestigation of a dispute concerning the completeness or accuracy of any information in the file" has been completed and serve a reseller the notices outlined under section *15 U.S.C. § 1681i(a)(6)(B)* of the *FCRA*. Due to Defendant never requesting a reinvestigation from CoreLogic, Defendant was unable to provide Plaintiff with these notices.

26. Defendant was grossly negligent for the willful and wanton violation of Plaintiff's rights under the *Fair Credit Reporting Act*. Specifically, Defendant is required to have "reasonable procedures to assure maximum possible accuracy of the information concerning the individual

about whom the report relates." These reasonable procedures include policies and procedures for conducting reinvestigations.

27. Defendant, without consideration for Plaintiff's rights under the *Fair Credit Reporting Act*, denied Plaintiff the full parameters of the dispute process available to him under federal law.

28. Plaintiff seeks damages within the jurisdictional limits of *15 U.S.C. § 1681n(a)(1)(A)* up to $1,0000.00.

29. Plaintiff seeks punitive damages at such amount as the court may allow. *See 15 U.S.C. § 1681n(a)(2).*

30. Plaintiff seeks actual damages within the jurisdictional limits of *15 U.S.C. § 1681n(a)(1)(A).*

## COUNT 2-

## VIOLATIONS OF THE TEXAS CONSUMER CREDIT ACT

31. Plaintiff incorporates by reference paragraphs 1 through 30 as if each paragraph is written herein.

32. Plaintiff requested that Defendant conduct a re-investigation into inaccuracies of the consumer credit report provided Plaintiff.

33. Defendant refused to re-investigate the inaccuracies in the consumer credit report; Defendant failed to provide Plaintiff a revised copy of the consumer file or consumer report; and Defendant failed to provide Plaintiff a description of the results of the reinvestigation within 30 days as required under Texas law.

34. Defendant failed to notify Plaintiff that upon request, a statement of the description of the procedure used to determine the accuracy and completeness of the information, including the name, business address, and, if available, the telephone number of each person contacted in connection with the information, as required by Texas law.

35. Defendant failed to provide Plaintiff a statement that the consumer [Plaintiff] is entitled to add a statement to the consumer's file disputing the accuracy or completeness of the information, as required by Texas law.

36. Defendant failed to provide Plaintiff a statement that the consumer [Plaintiff] may be entitled to dispute resolution as prescribed by the Texas Business and Commerce Code, 20.06, after the consumer receives the notice specified under this the Code.

37. Defendant was grossly negligent in its failure to re-investigate Plaintiff's request of the inaccuracies in the background screening report that it provided Plaintiff, and provide Plaintiff with a copy of the revised background screening report as required by State law. This act and omission was willful, wonton, and a deliberate action by the Defendant.

38.  Defendant was grossly negligent in its failure to provide Plaintiff with notification of the appropriate and legal dispute process as provided under the Texas Business and Commerce Code, section 20.06. This act and omission was willful, wonton, and a deliberate action by the Defendant.

39. Defendant, as an entity doing business in the state of Texas has a lawful duty to notify Plaintiff that he may be entitled to dispute procedures under Texas law and Defendant failed to do so. Defendant has no formal policies or procures for conducting background or reinvestigation checks as required.

40. Defendant, as a consumer-reporting agency, has an obligation to Plaintiff to provide a fair and accurate consumer credit report on behalf of Plaintiff, and the Defendant willfully, wantonly, and with deliberate indifference breached its duty under state law when it failed to notify Plaintiff of the dispute resolution process provided under State Law.

41. Plaintiff seeks damages for the willful violation of the *Texas Consumer Credit Reporting Act* in the amount of $1,000, pursuant to the *Texas Business and Commerce Code § 20.09(a)*.

42. Plaintiff seeks damages for the negligent violations of the *Texas Consumer Credit Reporting Act* in the amount of $500, pursuant to the *Texas Business and Commerce Code § 20.09(b)*.

## COUNT 3-

## NEGLIGENCE & GROSS NEGLIGENCE

43. Plaintiff incorporates by reference paragraphs 1 through 42 as if each paragraph is written herein.

44. Defendant owed a legal duty to plaintiff to inform him that under the *Fair Credit Reporting Act*, and the *Texas Consumer Credit Reporting Act* that Plaintiff may be entitled to dispute procedures in regards to Defendant's re-investigation information contained within Plaintiff's consumer credit report.

45. Defendant breached the duty to Plaintiff by willfully, wantonly, and with malice intent failed to disclose pertinent notice to Plaintiff that he may be entitled to dispute procedures as provided under the *Fair Credit Reporting Act*, and the *Texas Business and Commerce Code* concerning Plaintiff's consumer credit report provided by Defendant.

46. Defendant's breach of duty was the proximate cause of injury to plaintiff, which resulted in the following damages: Rejection of his rental application causing Plaintiff undue time and money to continue to find housing in the saturated housing market of Austin, Texas.

47. Exemplary damages. Plaintiff's injury resulted from defendant's gross negligence, which entitles plaintiff to exemplary damages under *Texas Civil Practice & Remedies Code section 41.003(a)(3)*. Due to the proximate cause of Defendant's act and omissions, Plaintiff seeks damages within the jurisdictional limits of this Court.

48. Plaintiff seeks additional damages within the jurisdictional limits of this Court.

## COUNT 4-
## PROMISSORY ESTOPPEL

49. Plaintiff incorporates by reference paragraphs 1 through 48 as if each paragraph is written herein.

50. Defendant promised Plaintiff in writing that Defendant would fully re-investigate the claims presented by Plaintiff regarding Plaintiff's consumer credit report.

51. Defendant promised Plaintiff that it would follow all laws involving re-investigating Plaintiff's claims, including the FCRA and the laws of the State of Texas.

52. Plaintiff relied on Defendant's promise by submitting his claims to the Defendant in writing. Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.

53. Defendant knew, or reasonably should have known, that Plaintiff would rely on Defendant's promise. Plaintiff was submitting an application for an apartment rental and the outcome of the re-investigation report had significant impact on whether Plaintiff would be granted a housing unit. Defendant, by failing to provide Plaintiff with notice that he may be entitled to additional dispute procedures under Texas law, and federal law breached the duty owed and the promise Defendant made to Plaintiff.

54. Plaintiff seeks damages within the jurisdictional limits of this Court.

## COUNT 5-

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff incorporates by reference paragraphs 1 though 54 as if each paragraph is written herein.

56. Defendant's conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Plaintiff. Defendant knew or should have known as a tenant screening company who advertises a being compliant under the FCRA that the results of a requested re-investigation of a consumer credit report was essential in Plaintiff obtaining an apartment to live in and that any delay outside of the time limits established in the FCRA and the Texas Consumer Credit Act would subject Plaintiff to sever emotional distress.

57. Defendants' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

58. Defendants' conduct proximately caused Plaintiff damages in that it caused him suffer severe emotional distress. In particular, Defendants' conduct was the direct and proximate cause of severe mental pain and anguish.

59. Plaintiff's emotional distress has been severe in that he has suffered from anxiety attacks, depression, loss of sleep, loss of appetite, nausea and vomiting.

60. In addition to sever emotional distress, Plaintiff has suffered and will continue to suffer additional damages as a proximate result of the Defendant's conduct in that, in all reasonable

probability, Plaintiff will continue to suffer this mental pain and anguish for a long time in the future. Plaintiff has also incurred loss of earnings and future earning capacity.

## VI.  ATTORNEY FEES

61. Plaintiff is entitled to recover reasonable and necessary attorney fees under *Texas Business and Commerce Code § 20.09* and *15 U.S.C. §§ 1681n*.

## VII. JURY DEMAND

62. Plaintiff demands a jury trial on all issues triable by jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Court to issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against defendant for the following:

A.    Damages in the amount of $1,000 for each violation of the *Fair Credit Reporting Act*.

B.    Punitive damages as awarded by the court for violation of the *Fair Credit Reporting Act*.

C.    Economic Damages in the amount of $1,000 for violation of the *Texas Consumer Credit Reporting Act*.

D.    Economic Damages in the amount of $500 for violations of the *Texas Consumer Credit Reporting Act*.

E.    Exemplary Damages within the jurisdiction limits for Negligence.

F.    Economic within the jurisdiction limits for Gross Negligence.

G.      Economic Damages within the jurisdictional limits for Promissory Estoppel.

H.      Economic Damages within the jurisdictional limits for Intentional Infliction of

Emotional Distress.

I.      Prejudgment and post judgment interest.

J.      Court costs.

K.      Attorney fees.

L.      All other relief to which plaintiff is entitled.


Respectfully submitted,

/s/ **MARK WALTERS**
Mark Walters
P.O. Box 28072
Austin, Texas 78755
(512)-964-4343
verusconsultingtexas@gmail.com

*Plaintiff Pro Se*

## <u>UNSWORN DECLARATION OF PLAINTIFF MARK WALTERS</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2018.


*Mark Walters*
_____

Mark Walters