# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARK WALTERS | § | |
| | § | |
| v. | § | A-16-CV-1092-LY |
| | § | |
| TENANT BACKGROUND SEARCH | § | |

## ORDER

Before the Court is Defendant's Motion to Compel and Request for Sanctions (Dkt. No. 22) and Plaintiff's Response (Dkt. No. 24). The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 and Rule 1(c) of Appendix C of the Local Court Rules.

This is yet another of the many lawsuits Mark Walters has filed in this Court. Like several of his prior suits, it involves a claim brought under the Fair Credit Reporting Act, and corollary state laws claims. As in the prior cases, Walters contends that a background check that was run on him was inaccurate. As in the other cases, there are good reasons to believe that the factual basis for Walters' claim in this case is manufactured. In one of the prior cases, the undersigned noted that the defendant

> questions—justifiably, in the Court's view—whether "Fred Lewis," Walters' alleged prospective employer, actually exists or requested the report at all. *See* Dkt. No. 20 at 2 n.1 ("Defendant's counsel has serious doubts that Kava Kava Austin or its owner, 'Fred Lewis,' do or ever did exist."). Sentry Link states that it has been unable to reach Fred Lewis. One number Walters gave went to a Geico representative, the other went to voicemail, and there has been no response. As of the time of the motions for summary judgment, Walters had not yet been deposed, having failed to appear for the deposition scheduled in December 2017. Thus, the only evidence that "Fred Lewis" offered Walters a consulting contract, and later rescinded the offer based on the background check, comes from Walters' declarations and a copy of what Walter's claims was the alleged consulting contract—a contract the Court finds hard to believe is what it purports to be. *The Court's review of the*

> *records leaves a serious question regarding whether Walters has fabricated the entire factual basis for this lawsuit.*

*Walters v. Sentry Link*, No. A-16-CV-383-LY, Dkt. No. 36 at 7 n.3 (emphasis added). The same situation appears to be developing in this case. Tenant Background Search has noted in its motion for summary judgment that it

> cannot confirm the existence of Mr. Shire or ATX Tenants. In a previous suit this court noted that there was justifiable question as to whether "Fred Lewis" actually existed or requested a report. *See* Case 1:16-cv-383, ECF 36, footnote 3. This case involves similar allegations of violation under the FCRA, and in which Bill Shire and ATX Tenant also cannot be confirmed to exist. The Plaintiff has listed the phone numbers for Fred Lewis and Bill Shire as the same in multiple documents filed with this court and in these cases. *See* Exhibit A, Exhibit 5, 7, and 9. Shockingly, both individuals allegedly maintain P.O. Boxes at the same Post Office in Pflugerville, though the box for Mr. Shire doesn't even exist. *See* Exhibit A, Exhibit 5, 7, and 9.

Dkt. No. 28 at 2 n.1.

Thus, there may well be a good basis for imposing sanctions against Walters. However, since the time this particular motion to compel was filed, Tenant Background Search has filed a motion for summary judgment, and an additional motion for sanctions based on additional allegedly inappropriate conduct. *See* Dkt. Nos. 28 and 36. The Court will therefore take up all of these issues at one time, after the motion for summary judgment is ruled upon. Accordingly, Defendant's Motion to Compel and Request for Sanctions (Dkt. No. 22) is **DENIED** without prejudice and the Court will take up those matters at the end of the case.

SIGNED this 25th day of January, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE